UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.     ED CV 12-05115-VBF-RZ                    Dated:        September 11, 2013

Title:     *Don Lee Acklin, Petitioner v. G.D. Lewis (Warden), Respondent*

PRESENT:     HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Linda Kanter | N/A |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER          ATTORNEYS PRESENT FOR RESPONDENT

N/A                                                                             N/A

PROCEEDINGS (IN CHAMBERS):     **ORDER ADOPTING THE REPORT AND RECOMMENDATION AS CORRECTED and DENYING THE HABEAS CORPUS PETITION FOR LACK OF MERIT**

    The Court will adopt the Report and Recommendation because it agrees with the recommended outcome – denial of this section 2254 habeas petition for lack of merit – and with most of the underlying reasoning. Specifically, the Court agrees with the Magistrate Judge's well-reasoned analysis of Ground One, upholding the state courts' rejection of petitioner's claim that the evidence presented at trial was insufficient to find the premeditation and deliberation elements of first-degree murder beyond a reasonable doubt, *see* Petition ("Pet") at 5 ¶ 7a and 14.  The Court also agrees with the Magistrate's analysis of Ground Two, upholding the state courts' rejection of petitioner's claim that the trial court unconstitutionally admitted testimony from a gang expert and impermissibly restricted cross-examination of that expert, *see* Pet at 5 ¶ 7b and 14; Ground Three, challenging the trial court's consideration of petitioner's post-shooting conduct and the inference of

consciousness of guilt, *see* Pet at 5-6 ¶ 7c and 14; and what the Court calls Ground 5c, where petitioner alleged that the trial court deprived him of an opportunity for allocution before sentencing, *see* Pet at 6 ¶ 7e and 15.

**However, the Court would note an important correction with regard to the rationale for rejecting Ground Four (cumulative effect of trial errors in first three claims deprived petitioner of right to a fair trial), and what the Court will call Ground 5a** (Pet at 6 ¶ 7e, trial court violated petitioner's federal constitutional rights by failing to advise him of his right to orally move for a new trial)**, and Ground 5b** (Pet at 6 ¶ 7e, denial of petitioner's request for a fourth continuance of sentencing and denial of such request without ruling on request for transcripts). Namely, the Report relies on Ninth Circuit holdings, not Supreme Court holdings, to supply or refine the legal standard governing these claims. In so doing, the Report effectively measures the California state courts' compliance with Ninth Circuit holdings, proceeding on the premise that noncompliance with those holdings could furnish a basis for federal habeas relief. Such use of circuit precedent is not permitted in a section 2254 habeas case, particularly after the Supreme Court's issuance of *Marshall v. Rodgers*, – U.S. –, 133 S. Ct. 1446 (2013). This Order will make clear that the Court has considered circuit precedent only in the very limited fashion permitted by *Marshall*. The Court will deny Grounds 4 and 5, as recommended by the Magistrate Judge, but solely because petitioner has failed to show that the California courts violated any U.S. Supreme Court holding in rejecting those claims. Lastly, by separate orders the Court will enter a Rule 58 final judgment against petitioner and decline to issue a certificate of appealability ("COA").

ANALYSIS OF PETITIONER'S CLAIM REGARDING POSSIBLE ORAL NEW-TRIAL MOTION

**In recommending denial of petitioner's claim regarding the trial court's "failure" to advise petitioner that he had the right to orally move for a new trial,** the Magistrate cites a Ninth Circuit decision as sole authority for the proposition that the trial court was not obligated to provide legal advice to petitioner merely because he was *pro se*. *See* R&R at 21 (citing *Mendez–Sanchez*, 563 F.3d at 947). Because the instant case is covered by AEDPA, however, this Court could award habeas relief only if petitioner showed that the state courts ruled contrary to or unreasonably applied some holding *of the U.S. Supreme Court*. Ninth Circuit holdings are not part of "clearly established federal law" for purposes of AEDPA; rather, "[f]or state prisoners who seek federal habeas relief pursuant to 28 U.S.C. § 2254, AEDPA requires them to show that a state court violated 'clearly established Federal law', defined for that purpose as only the holdings (as opposed to dicta) of the

United States Supreme Court at the time of the relevant [state-court] decision." *United States v. Sayre*, 2013 WL 3872172, *10 (C.D. Cal. Apr. 30, 2013) (Fairbank, J.) (citing *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495 (2000) ("The . . . statutory language makes clear . . . that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.") and *Carey v. Musladin*, 549 U.S. 70, 74, 127 S. Ct. 649 (2006)).[1]

As the Supreme Court put it, "If this Court has not broken sufficient legal ground to established an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar." *Williams*, 529 U.S. at 381, 120 S. Ct. at 1506-07. "'This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court.'" *Williams*, 529 U.S. at 381, 120 S. Ct. at 1507 (quoting *Lindh v. Murphy*, 96 F.3d 856, 869 (7th Cir. 1996)). Consequently, "'[o]nly the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied' for a state-court decision to survive AEDPA review." *Sayre*, 2013 WL 3872172 at *10 (quoting *Moses v. Payne*, 555 F.3d 742, 759 (9th Cir. 2009)); *see also Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).[2] This statutory "formulation [of clearly established federal

---

[1]

*Accord Jimenez v. Walker*, 458 F.3d 130, 146 (**2d Cir.** 2006) (citing *Williams*, 529 U.S. at 412); *Landrum v. Mitchell*, 625 F.3d 905, 914 (**6th Cir.** 2010) ("In analyzing whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, a federal court may consider only the holdings of the United States Supreme Court's decisions at the time the relevant state court rendered its decision.") (citing, *inter alia*, *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166 (2003)), *cert. denied*, – U.S. –, 132 S. Ct. 127 (2011); *Guzman v. Sec'y, Dep't of Corrs.*, 663 F.3d 1336, 1348 n.14 (**11th Cir.** 2011) (citing, *inter alia*, *Williams*, 529 U.S. at 412).

[2]

In the same vein is *Grant v. Trammell*, No. 11-5001, – F.3d –, 2013 WL 4105939 (10th Cir. Aug. 15, 2013), issued in the wake of *Marshall v. Rodgers*, where the Tenth Circuit stated, "Of course we can only fault the OCCA [Oklahoma Court of Criminal Appeals] for failing to abide Supreme Court precedent, not our own." *Id.* at *10 (citing 28 U.S.C. § 2254(d)(1) and going on to discuss *Marshall*).

*Accord Hochstraser v. Cate*, 2013 WL 4029210, *12-*13 (N.D. Cal. Aug. 6, 2013) (Susan Illston, J.) (denying habeas claim notwithstanding Ninth Circuit published precedent supporting petitioner's position, stating, "As the differing circuit opinions demonstrate, the Supreme Court has not given a clear issue to the issue regarding the automobile exception and its application when a vehicle is found stationary at a place regularly used for residential purposes. Therefore, the state court's decision cannot be an unreasonable application of clearly established Supreme court authority.") (going on to cite, *inter alia*, *Marshall*, 133 S. Ct. at 1450);

MINUTES FORM 90                                                                                    Initials of Deputy Clerk ___Lk___
CIVIL - GEN

law]" is so strictly applied that it generally excludes not only circuit precedent but even "concurring . . . opinions of individual Justices" of the Supreme Court.  *See Jackson v. Calter*, 337 F.3d 74, 84 (1st Cir. 2003).

**Earlier this year, the Ninth Circuit issued a published decision reiterating its view that "[a]lthough only Supreme Court holdings are binding on state courts,' 'circuit precedent may provide persuasive authority** for purposes of determining whether a state court decision is an 'unreasonable application' of Supreme Court precedent.'" *Dyer v. Hornbeck*, 706 F.3d 1134, 1139 (9th Cir. 2013), *pet. cert. filed* (U.S. Apr. 29, 2013) (No. 12-10115) (quoting *Rodgers v. Marshall*, 678 F.3d 1149, 1155 (9th Cir. 2012) (citing *Mendez v. Knowles*, 556 F.3d 757, 767 (9th Cir. 2009))); *see also Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003) (citing *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999)); *Barajas v. Wise*, 481 F.3d 734, 740 (9th Cir. 2007) ("Although AEDPA directs district courts to look to Supreme Court decisions to determine 'clearly established federal law,' circuit precedent is informative."), *vac'd on grant of panel reh'g*, 506 F.3d 736 (9th Cir. 2007), *vac'd & superseded on other grounds on reh'g*, 2007 WL 3105756 (9th Cir. Oct. 22, 2007).

**However, the decision which *Dyer* quoted as authority to consider circuit precedent as "persuasive authority" under AEDPA – *Rodgers*, 678 F.3d 1149 – was reversed by the Supreme Court months later, *see Rodgers v. Marshall*, – U.S. –, 133 S. Ct. 1446, *reh'g denied*, – U.S. –, 133 S. Ct. 2408 (2013).**  As Judge Gutierrez of our court explains *Rodgers*,

> the Supreme Court reversed a Ninth Circuit decision granting habeas relief to a defendant who waived his right to counsel, was convicted, and sought (but was denied) the reappointment of counsel for the purpose of bringing a motion for new trial, finding that *the Ninth Circuit's*

---

*Liggan v. Senkowski*, 3853401, *13 (S.D.N.Y. July 26, 2013) ("A petitioner cannot win habeas relief solely by demonstrating the state court unreasonably applied Second Circuit precedent.") (citing, *inter alia*, *Parker v. Mathews*, – U.S. –, 132 S. Ct. 2148, 2155 (2012));

*Evans v. Curtin*, 2013 WL 2367999, *10 n.2 (W.D. Mich. May 29, 2013) (Maloney, C.J.) (circuit precedent "cannot form the basis for habeas relief under AEDPA") (citing *Parker*, 132 S. Ct. at 2155, and *Marshall*, 133 S. Ct. at 1450-51).

MINUTES FORM 90                                                                    Initials of Deputy Clerk ____Lk____
CIVIL - GEN

> *reliance on circuit precedent as the basis for finding Section 2254(d)(1) satisfied constituted "error."*

*Saldivar v. Uribe*, 2013 WL 3946106, *7 (C.D. Cal. July 31, 2013) (emphasis added).  **Indeed, even before *Marshall*, the Supreme Court had reversed other circuit courts that had measured the propriety of habeas relief in AEDPA cases according to circuit precedent.**  The Court here relies on *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649 (2006), and even more so on *Miller v. Rodriguez*, 549 U.S. 1163, 127 S. Ct. 1119 (2007).  As a sister circuit recently explained,

> * * *  In *Musladin* the Supreme Court held that Supreme Court law was not clearly established under circumstances in which circuit courts "diverged widely" in their interpretations of the law. * * *

> * * *  In the original *Rodriguez v. Miller* disposition ("*Rodriguez I*") the Second Circuit granted habeas based on [the Supreme Court's decision in] *Waller interpreted through the lens of Second Circuit precedent*.  The Supreme Court then vacated and remanded the case for reconsideration in light of *Musladin*. * * *

> In the *Rodriguez* cases, the defendant challenged the exclusion of his family from the courtroom but conceded that the exclusion of the rest of the public was consistent with [the Supreme Court's decision in] *Waller*.  In *Rodriguez I*, the Second Circuit held that clearly established federal law placed a particular emphasis on allowing defendants to have family in the courtroom.  This holding was based on *Waller as construed in prior Second Circuit cases*.  Finding that exclusion of family members "requires stricter scrutiny than" exclusion of members of the public – something not discussed by the Supreme Court in *Waller* – the Second Circuit held that Rodriguez's Sixth Amendment right to a public trial had been violated.

> On appeal, the Supreme Court vacated and remanded this holding in light of *Musladin*.  *The Second Circuit interpreted the Supreme Court's directive on remand as an admonishment to apply only Supreme Court holdings as "clearly established federal law"' under § 2254(d)(1) and that the decisions of the courts of appeals cannot provide clearly established federal law. Rodriguez II*, 537 F.3d at 109.

> Because the Second Circuit had relied on its own precedent to differentiate Rodriguez's family from the general public, it was obligated to find [on remand] that the state court had not

unreasonably applied the [Supreme Court's] *Waller* test . . . . *Id.* at 109-110 (noting that "*Waller* does not demand a higher showing before excluding a defendant's friends and family" and "AEDPA is concerned only with *Waller*'s holding: that a courtroom closure must pass its four-part test.").

*Drummond v. Houk*, Nos. 11-3024 and 11-3039, – F.3d –, –, 2013 WL 4505144, *6 (6th Cir. Aug. 26, 2013) (J. Cole, joined by J. Richard Allen Griffin) (emphasis added) (internal citations and quotation marks omitted); *see also Holley v. Yarbrough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (holding that federal habeas relief was unavailable where state trial court's admission of irrelevant pornographic materials was "fundamentally unfair" under Ninth Circuit precedent but was not contrary to or an unreasonable application of any U.S. Supreme Court holding).

**Therefore, this Court emphasizes that it has considered Ninth Circuit decisions only for the limited purpose permitted by *Musladin* and *Marshall*: "to ascertain whether [the Circuit] has already held that the particular point in issue is clearly established by Supreme Court precedent[.]"** *See Marshall,* – U.S. –, 133 S. Ct. at 1451; *see, e.g., Lemke v. Ryan*, 719 F.3d 1093, 1101 (9th Cir. 2013) ("Although the clearly established law required by § 2254(d)(1) must be found in Supreme Court, not circuit court, decisions, we may examine our own precedent to see whether we are bound by one of our decisions that 'has already held that the particular point in issue is clearly established by Supreme Court precedent.") (quoting *Marshall*, 133 S. Ct. at 1450); *Biggs v. Sec'y of Calif. Dep't of Corrs.*, 717 F.3d 678, 690 (9th Cir. 2013) (after *Marshall*, circuit precedent is relevant only if prior circuit precedent had held that *a Supreme Court holding* had clearly established some proposition, e.g., "we would owe deference to a clear on-point holding [by the Circuit] that as-applied analysis is required under clearly established federal law [in the form of a Supreme Court holding] in this context").

This Court has not held the California state courts to compliance with the holdings of any Ninth Circuit decision,[3] nor has this Court "canvass[ed]" Ninth Circuit decisions or "circuit decisions [around the country] to determine whether a[ny] particular rule of law is so widely accepted among the Federal circuits that it would, if presented to [the Supreme] Court, be accepted as correct", which is also expressly prohibited by *Marshall*, 133 S. Ct. at 1451.  **Specifically, this Court disclaims any impression the R&R may have given that we have used the Ninth Circuit's holdings regarding advice on new-trial motions "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced"**, *Rodgers v. Marshall*, 2013 WL 3819551, *1 (C.D. Cal. July 19, 2013) (Philips, J.) (on remand from and quoting *Marshall*, 133 S. Ct. at 1450).  **A Ninth Circuit panel also applied the *Marshall* principle last month in *New v. Uribe***, No. 11-57055, – F. App'x –, 2013 WL 3359516 (9th Cir. July 5, 2013), stating,

> The relevant Supreme Court precedents explicitly decline to set out a clear test for balancing justification against prejudice . . . .  In light of the lack of a clear test, we cannot say that the state court applied Supreme Court law in a manner that was objectively unreasonable in finding that the justification here outweighed the prejudice.  * * *  Nor can we say that the state court unreasonably applied clearly established Supreme Court law by noting that a federal due process claim based on pre-indictment delay requires a showing that the delay was undertaken by the State to gain a tactical advantage over the defendant.  *Though our court has held that there is no such requirement, other courts, including the California Supreme Court, disagree.  It was not unreasonable for the state court to side with the California Supreme Court . . . .  [This is because]* 'circuit precedent may [not] be used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced.'"

*Id.* at *1 (internal citations omitted) (emphasis added) (citing *Marshall*, 133 S. Ct. at 1450); *see also Mikell v. Williams*, 11-15747, – F. App'x –, 2013 WL 2939009, *2 (9th Cir. June 17, 2013) (Tashima, Bybee, D.J.

---

[3] Notwithstanding the Supreme Court's forceful instruction to the contrary in *Rodgers*, not all federal habeas courts have discontinued the impermissible use of circuit precedent in the AEDPA context.  *See, e.g., Jackson v. Workman*, 2013 WL 4521143, *27 (N.D. Okla. Aug. 26, 2013) (stating, in section 2254 habeas case, "Jackson's claim of constitutional error is foreclosed by Tenth Circuit precedent.  He is not entitled to relief on this claim."); *Fuentes v. Chavez*, 2013 WL 4094395, *11 (E.D. Cal. Aug. 13, 2013) ("While a mental health defense may or may not have worked at trial, the Wicks report cannot *under Circuit precedent* support habeas relief on actual innocence grounds.").

Stafford) ("The circuit precedents cited by Mikell are not 'clearly established Federal law' under 28 U.S.C. § 2254(d)(1) . . . .") (citing *Marshall*, 133 S. Ct. at 1450-51, and *Ortiz-Sandoval*, 323 F.3d at 1172); *Davis v. Allison*, 2013 WL 4046645, *1 (C.D. Cal. Aug. 9, 2013) (Otero, J.) (rejecting section 2254 habeas petitioner's argument that Magistrate Judge had "ignore[d] circuit precedent that holds a mandatory parole term is a direct consequence of a guilty plea" and adopting the Magistrate's determination that habeas relief was not warranted because "no holding of the Supreme Court clearly establishes that a defendant must be advised of the length of a parole term"). Also in accord is *McCollister v. Cameron*, No. 12-1475, – F. App'x –, 2013 WL 4106408 (3d Cir. Aug. 15, 2013), where the Third Circuit cited *Rodgers*, 133 S. Ct. at 1450, to conclude as follows:

> McCollister's reliance on our decisions in . . . *Booker* . . . (3d Cir. 2012) . . . and . . . *Moskovits* (3d Cir. 1996), is unavailing. Although those decisions, which involved direct appellate review of the validity of a waiver of counsel, bear some factual similarities to McCollister's situation, they cannot be 'used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced. It is only the precedents of our High Court that set the boundaries of our review of the validity of a state court conviction.

*Id.* at *3 (bracketed text in original). *Accord Gomez v. Thaler*, No. 11-50420, 2013 WL 1760858, *5 n.3 (5th Cir. Apr. 25, 2013) (not in F.3d or F. App'x) ("In a direct appeal context, Gomez would have a compelling argument that a suppression is a 'critical stage' of a criminal proceeding under *Cronic* . . . . However, because he presents this issue in a habeas context, AEDPA's limited standard of review constrains us.  * * *  As *the Supreme Court* has not yet held that a suppression hearing is a 'critical stage' . . . , however, this fact ends our inquiry with respect to Gomez's petition.") (emphasis added) (citing *Marshall*, 133 S. Ct. at 1451).

**Thus, the Court's rejection of the portion of Ground 5b challenging the trial judge's failure to advise petitioner of his right to orally move for a new trial is based not on *Mendez-Sanchez* or other Ninth Circuit precedent, but on the state of Supreme Court precedent alone.** Not only has the Supreme Court not held that a court has an obligation to advise a *pro se* criminal defendant in the manner or to the extent urged by petitioner, it has repeatedly held that "'[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure'", *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446 (2004) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 184-84, 104 S. Ct. 944 (1984)), and that "the trial

MINUTES FORM 90                                           Initials of Deputy Clerk ___Lk___
CIVIL - GEN

judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out", *Martinez v. Court of Appeal of Calif.*, 528 U.S. 152, 162, 120 S. Ct. 684 (2000), *cited by Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007), such as "[e]xplaining the details of federal habeas procedure and calculating statutes of limitations . . .", *Pliler*, 542 U.S. at 231, 124 S. Ct. at 2446.  Claim one fails solely because petitioner has not identified, and the Court has not located, any Supreme Court holding which the state courts unreasonably applied or ruled contrary to, 28 U.S.C. § 2254(d), in rejecting his claim that the U.S. Constitution required the trial court to advise him that he could orally move for a new trial, and existing Supreme Court precedent leans in the contrary direction.

### ANALYSIS OF PETITIONER'S FOURTH CLAIM: CUMULATIVE ERROR

In his analysis of petitioner's Cumulative Error claim, the Magistrate notes that he had urged, earlier in the Report, that some of petitioner's claims of trial error should be rejected "on 'harmless error' grounds, *see* R&R at 16.  But the Report earlier concluded not that constitutional errors occurred that were harmless, but that *no* constitutional errors occurred, and that conclusion was correct.  The Report's earlier statement was only that any putative error *would have been* harmless in the context of this case – and that conclusion was correct as well.

Therefore, the Court clarifies that **"because this Court finds that there was no error – harmless, or otherwise",** ***United States v. Renteria*, 720 F.3d 1245, 1257 (10th Cir. 2013), at petitioner's trial or sentencing, '"there are simply no errors to cumulate."'** *United States v. Martin*, – F. App'x –, 2013 WL 656258, *21 (6th Cir. Feb. 25, 2013) (Griffin, J.) (quoting *Getsy v. Mitchell*, 495 F.3d 295, 317 (9th Cir. 2007) (en banc)), *pet. cert. filed* (U.S. July 24, 2013) (Nos. 12A1249 and 13-5510); *see, e.g., Woodfork v. Felker*, 2010 WL 4666055, *13 (E.D. Cal. Nov. 9, 2010) ("Woodfork has failed to demonstrate that the trial court committed any errors.  Because there are no errors to cumulate, Woodfork is not entitled to relief on this tenth ground."); *Gentry v. Sinclair*, 609 F. Supp.2d 1179, 1192 (W.D. Wash. 2009) ("[T]he absence of a single deficiency leaves 'no errors to cumulate.'") (citation to state-court decision omitted), *aff'd*, 693 F.3d 867 (9th Cir. 2012), *amended*

*o.g. & superseded on denial of reh'g en banc*, 705 F.3d 884 (9th Cir. 2013), *pet. cert. filed* (U.S. May 15, 2013) (Nos. 12-10321 & 12A566).[4][5]

### ANALYSIS OF PETITIONER'S FIFTH CLAIM:  SENTENCING ERRORS

**In his analysis of petitioner's fifth claim, Sentencing Errors, the Magistrate states that under Ninth Circuit Court of Appeals decisions, the trial court's decision to deny petitioner's request for a fourth continuance of sentencing would be reviewed and would pass muster** under the abuse-of-discretion standard. The Magistrate goes on to apply the Ninth Circuit's four-factor test for evaluating a federal district court's decision to deny a continuance, as set forth in *Armant v. Marquez*, 772 F.3d 552, 557 (9th Cir. 1985).  *See* R&R at 18-19.  On direct review, the Ninth Circuit's four-factor test in *Armant* would supply the governing legal

---

[4]

*Accord United States v. Gauvin*, 173 F.3d 798, 804 (10th Cir. 1999) ("Having found no errors, harmless or otherwise, we are left with nothing to aggregate."); *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) ("Cumulative error analysis applies when there are two or more actual errors; it does not apply to the cumulative effect of non-errors."); *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) ("Meritless claims . . . cannot be cumulated, regardless of the number raised."); *Green v. Herbert*, 2002 WL 1587133, *22 n.44 (S.D.N.Y. July 18, 2002) ("The Court here has not found any error in the specific issues . . . , so there are no errors to cumulate.").

[5]

Courts elsewhere have concluded that in cases governed by AEDPA, federal habeas relief is not available for cumulative error because "'[t]he Supreme Court has not [expressly] held that distinct constitutional claims can be cumulated to grant habeas relief.'"  *Pena v. Hartley*, 2013 WL 2338471, *17 (D. Colo. May 28, 2013) (quoting *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir.), *corrected o.g. on denial of reh'g*, 307 F.3d 459 (6th Cir. 2002)); *accord Washington v. Ricci*, 631 F. Supp.2d 511, 527-28 (D.N.J. 2008) (Bumb, J.) ("Petitioner has cited no Supreme Court holdings regarding the cumulative[-]error doctrine.  * * *  To the extent that this doctrine is applicable at all on habeas review, given the absence of Supreme Court precedent . . . ."); *Clark v. Hendricks*, 2005 WL 2789382, *7 (D.N.J. Oct. 25, 2005) (Pisano, J.), *aff'd*, 285 F. App'x 933 (3d Cir. 2008); *Badger v. Hendricks*, 2005 WL 2491514, *10 (D.N.J. Oct. 5, 2005) (Irenas, J.), *aff'd*, 287 F. App'x 178 (3d Cir. 2008).

Our circuit, by contrast, holds that the Supreme Court *has* provided a sufficiently clear endorsement of cumulative error as a basis for habeas relief in AEDPA-governed cases.  *See, e.g., Hein v. Sullivan*, 601 F.3d 897, 917-18 (9th Cir. 2010); *cf. Warner v. Workman*, 814 F. Supp.2d 1188, 1249 (W.D. Okla. 2011) ("[M]ultiple circuit courts of appeals, including the Tenth Circuit, address claims of cumulative error on habeas review.") (citing Ninth Circuit's *Hein* and cases from other circuits), *aff'd*, No. 11-6236, 2013 WL 1286637 (10th Cir. Apr. 1, 2013) (not in F.3d or F. App'x).  This court is bound to abide by the Ninth Circuit's holding on this score.

standard absent some different or more specific standard from the Supreme Court. *See, e.g., United States v. Pope*, 841 F.2d 954, 956-58 (9th Cir. 1988) (applying Ninth Circuit's *Armant / Flynt* test to an *appellant*'s claim that federal district court abused its discretion in denying his request for a continuance of trial).

**It is not appropriate to apply *Armant* as the governing legal standard *on collateral review*,** however, because AEDPA authorizes a district court to grant habeas relief only when a state court has unreasonably applied or ruled contrary to the holdings of the U.S. Supreme Court, not the holdings of lower courts. Judge Tucker forcefully made this point just days ago in *Wallin v. Biter*, 2013 WL 4777325, *1 (C.D. CAL. Sept. 5, 2013). Like our petitioner, Wallin sought habeas relief under section 2254 on the ground that a state court violated his federal constitutional rights to due process and a fair trial by denying his request to continue the trial. Denying the claim, the Judge explained that "[t]he Ninth Circuit has formulated different, though related, tests at different times to determine whether a state court's denial of a continuance was arbitrary and unreasonable," offering as examples the four-factor test in *Armant* and the five-factor test in *McCormick v. Adams*, 621 F.3d 970, 980-81 (9th Cir. 2010). *See Wallin*, 2013 WL 4777325 at *6. "Regardless of those formulations," Judge Tucker stated, "the Supreme Court has repeatedly, and recently, instructed that in habeas cases circuit precedent may not be used to 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this court has not announced.'" *Id.* (quoting *Marshall*, 569 U.S. at –, 133 S. Ct. at 1450) (describing such error as "subtle, yet substantial")).

**The continuance claim fails, instead, because petitioner has not carried his burden of identifying a *U.S. Supreme Court holding* which the state appellate courts applied unreasonably or ruled contrary to in rejecting petitioner's continuance claim.** As another Ninth Circuit district judge recently put it, "the Court need not search through circuit cases to determine whether one mirrors Petitioner's case . . . Here no *Supreme Court case* is so similar to [petitioner]'s facts that it requires issuance of the writ." *Cobell v. Smith*, 2013 WL 4068785, *9 (D. Idaho Aug. 12, 2013) (citing *Marshall*); *see also Bell v. Uribe*, Nos. 11-56768 and 11-56771, – F.3d –, –, 2013 WL 4750069, *6 (9th Cir. Sept. 5, 2013) (petitioners' challenge to California Court of Appeal's resolution of their claims regarding dismissal of a juror for misconduct lacked merit because, *inter alia*, "petitioners have not referenced any authority to support their contention that the California court of Appeal's opinion is contrary to or an unreasonable application of clearly established federal law as announced by the

United States Supreme Court") (citing *Renico v. Lett*, 559 U.S. 766, 779, 130 S. Ct. 1855, 1866 (2010) for proposition that "'any failure to apply [a federal court of appeals'] decision cannot independently authorize habeas relief under AEDPA'"). This Court disclaims any impression the R&R may have given that the Court have used the Ninth Circuit's *Armant* test regarding continuances "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced", *Rodgers*, 2013 WL 3819551, *1 (C.D. Cal. July 19, 2013) (Virginia Philips, J.) (on remand from and quoting *Rodgers*, – U.S. at –, 133 S. Ct. at 1450).

Instead, this Court on AEDPA review is bound to apply not Ninth Circuit precedent but only *Morris v. Slappy*, 461 U.S. 1, 103 S. Ct. 1610 (1983) and other Supreme Court holdings. In *Morris* "the [Supreme] Court held that broad discretion must be granted to trial courts on matters of continuances; 'only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel.'" *Rakin v. Martel*, 2013 WL 1281789, *10 (E.D. Cal. Mar. 27, 2013) (Allison Claire, M.J.) (quoting *Morris*, 461 U.S. at 11-12). In *Morris* the Supreme Court relied on *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841 (1964), where the Supreme Court stated that "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."

Nothing in the circumstances of petitioner Acklin's case, particularly in the reasons his counsel presented for wanting yet another continuance of sentencing, suggests that the California appellate courts unreasonably applied or ruled contrary to any Supreme Court holding in rejecting petitioner's sentencing-continuance claim. **The California appellate courts' rejection of that claim "was entirely reasonable under [the U.S. Supreme Court's decisions in] *Morris* and *Ungar*."** *Rakin*, 2013 WL 1281789 at **\*11, and that ends the inquiry under AEDPA.** Indeed, Ninth Circuit panels have affirmed the denial of section 2254 habeas claims directed at the denial of a continuance, based on *Morris* and *Ungar*, *without even citing Ninth Circuit precedent*. *See Houston v. Schomig*, 533 F.3d 1076, 1079-80 (9th Cir. 2008)*; Harris v. Jacquez,* 324 F. App'x 570, 571-72 (9th Cir. 2009) ("Harris has failed to show that the [California] Court of Appeal's decision was an unreasonable application of the Supreme Court's holdings in *Ungar* . . . or *Morris* . . . . Harris made his [self-representation] request on January 20, told the court on January 24 that he would be ready to proceed with trial on January 26,

and stated that he would not request a continuance unless he discovered new evidence in the meantime. These circumstances do not suggest that the trial court's denial of the continuance was 'an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.'") (quoting *Morris*, 461 U.S. at 11-12, 103 S. Ct. 1610 (quoting *Ungar*, 376 U.S. at 589, 84 S. Ct. 841)); *Miller v. Blackateer*, 525 F.3d 890, 897-98 (9th Cir. 2008).[6]

In short, this Court could "review the denial of his continuance under the Ninth Circuit's test announced in *Armant*," as the Report does, "but circuit authority does not constitute 'clearly established Federal law' within the meaning of [28 U.S.C.] § 2254(d)." *Rakin*, 2013 WL 1281789 at *11 (citing *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1172 (9th Cir. 2003)).

## ORDER

The Report and Recommendation [Document #25] is **ADOPTED as corrected**.

The habeas corpus petition [Document #1] is **DENIED** for lack of merit.

A Certificate of Appealability will be denied by separate order. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals.[7]

As required by FED. R. CIV. P. 58(a)(1), final judgment will be issued as a separate document.[8]

---

[6]

Likewise, this Court's past practice on AEDPA review has been to measure the state courts' continuance rulings only for compliance with *Morris* and *Ungar*, not for compliance with some test or rule of thumb laid out by Ninth Circuit precedent. *See Williams v. Harrington*, 2010 WL 5138898, *23-*24 (C.D. Cal. Oct. 21, 2010), *R&R adopted*, 2010 WL 5127666 (C.D. Cal. Dec. 8, 2010) (Valerie Baker Fairbank, J.).

[7]

*See Korn v. United States*, 2013 WL 1163941, *18 (C.D. Cal. Mar. 20, 2013) (Valerie Baker Fairbank, J.) (citing *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012)); *see also* FED. R. APP. P. 22(b)(1) (if district judge denies COA, applicant may request COA from a circuit judge).

[8]

*See Cox v. California*, 2013 WL 3755956, *2 n.2 (C.D. Cal. July 16, 2013) (Valerie Baker Fairbank, J.) (citing *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion which concluded, "The Court will issue a separate Judgment as required by Rule 58(a).") and *Stratton v. Buck*, 697 F.3d 1004, 1007 (9th Cir. 2012) ("The district court apparently did not enter a separate Judgment, as required by FED. R. CIV. P.

MINUTES FORM 90　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk ___Lk___
CIVIL - GEN

IT IS SO ORDERED.

---

58(a)(1)."));  *see also Bravo v. City of Santa Maria*, 665 F.3d 1076, 1079 n.5 (9th Cir. 2011) ("[T]he district court failed to issue and enter on the docket a separate judgment . . . , as was required, *see* FED. R. CIV. P. 58(a)(1) . . . .").  *Accord In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008) ("A combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription.").